UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

STEPHEN ULLRICH,

Plaintiff,

v.

IDAHO SUPREME COURT, and JUSTICES 1-5,

Defendants.

Case No. 1:15-cv-00220-CWD

**ORDER DENYING IN FORMA PAUPERIS STATUS**

Plaintiff Stephen Ullrich, a prisoner in the custody of the Idaho Department of Correction, has filed a civil rights complaint in this Court, along with an Application to Proceed in Forma Pauperis.[1] (Dkt. 1, 3.) Plaintiff, the only party appearing in this case, has consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 7.)

A review of Plaintiff's litigation history reveals that he has, prior to the date he filed this action, brought at least three civil actions that were dismissed for failure to state

[1] The Court initially construed this case as a federal habeas corpus proceeding, because the title of Plaintiff's operative pleading was "Petition for Writ." However, on further review, the Court determined that the pleading asserted civil rights violations and requested an order directing an Idaho court to entertain a medical malpractice action. Because the "petition" did not challenge Plaintiff's criminal conviction or sentence, the case was more appropriately construed as a civil rights action under 42 U.S.C. § 1983. Therefore, the Court administratively terminated the habeas action and reopened the case as the instant civil rights action. *See* Case No. 1:15-cv-00206-CWD, Dkt. 6 (D. Idaho June 19, 2015). Plaintiff has since filed a First Amended Complaint. (Dkt. 6.)

a claim upon which relief could be granted. As a result, Plaintiff has been issued three strikes under 28 U.S.C. § 1915(g). *See Ullrich v. Idaho*, Case No. 1:08-cv-00076-BLW (Dkt. 7, 8); *Ullrich v. Canyon County*, Case No. 1:06-cv-00320-EJL (Dkt. 10, 11); *Ullrich v. Prior*, Case No. 1:06-cv-00500-EJL (Dkt. 13, 14). Therefore, Plaintiff may not file another civil action in forma pauperis unless he can show that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If he is not in such danger, then he must pay the $400 filing fee at the time of filing.

**THEREFORE, IT IS HEREBY ORDERED:**

1. Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) is DENIED.
2. **Within 10 days** after entry of this Order, Plaintiff shall either (1) file a brief explaining whether and how Plaintiff believes he is in imminent danger of serious physical injury, or (2) pay the $400 filing fee in full.
3. If Plaintiff files a brief that adequately establishes imminent danger as required by § 1915(g), the Court will reconsider Plaintiff's Application. If Plaintiff neither pays the fee nor files a brief establishing imminent danger, this case may be dismissed without prejudice without further notice.

DATED: **July 15, 2015**

Honorable Candy W. Dale
United States Magistrate Judge